## O'DAY ET AL. *v.* SHOUVLIN.

*Error proceedings—Verdict sustained upon issue of fact— Cause of fire burning adjacent building—Sparks from cupola.*

Where the owner of a building seeks to recover for loss by fire which it is claimed resulted from sparks emanating from a cupola of a manufacturing plant located some 218 feet distant, and where the evidence is conflicting upon the issue as to whether sparks were emitted from such cupola, and the jury have found in favor of the defendant, such verdict may be sustained upon the issue of fact relating to the actual cause of the fire.

(Decided February 1, 1921.)

ERROR: Court of Appeals for Clark county.

*Messrs. McGrew & Laybourne; Mr. J. W. Mooney* and *Mr. G. E. Bibbee,* for plaintiffs in error.
*Mr. James B. Malone,* for defendant in error.

KUNKLE, J. This action was brought by Hershell V. O'Day, and the insurance companies which held policies of insurance upon the property of O'Day, against Patrick J. Shouvlin, to recover damages claimed to have resulted to the dwelling of O'Day from sparks and burning substances emanating from a cupola owned and operated by Shouvlin upon his premises, which were adjacent or near to the premises of O'Day.

There is no averment of negligence in the petition. Plaintiffs in error claim that it is not necessary to allege negligence, as a liability arises by reason of the defendant creating and maintaining a continuing nuisance, which, on account of the

strong wind, which was then blowing in the direction of O'Day's premises, caused his property to be damaged by fire arising from sparks or burning substances emitted from the cupola of defendant.

The answer of defendant was a general denial. Under this answer he put in issue substantially every fact charged in the petition.

Under this answer the plaintiffs in error were required to show that the building in question was damaged by fire which emanated from sparks or other burning substances emitted from the cupola of defendant in error.

There was considerable evidence upon this issue. There was a conflict in the testimony as to whether sparks were or were not emitted from this cupola at or near the time the fire in question occurred. If the testimony of Carl Stingle, page 63 of the record, William Hargo, page 80 of the record, and of other witnesses, was believed, then the jury were justified in finding that the fire in question did not emanate from sparks or other burning substances emitted from the cupola in question.

The trial court admitted evidence upon the question whether defendant in error was negligent in the construction and operation of the cupola, and charged the jury upon this phase of the evidence and also upon the general denial contained in the answer of defendant in error, and upon the question as to the burden of proof.

The jury returned a general verdict in favor of defendant in error. There were no interrogatories submitted for the purpose of testing the grounds upon which the verdict was based.

It is evident that the general verdict of the jury may have been based upon the theory that the house of O'Day was not burnt as a result of sparks or other substances emitted from the cupola.

There was no error in the submission of this issue.

It is well settled in this state that where two or more issues are submitted to a jury, and the record does not affirmatively show upon which issue the general verdict was based, such general verdict cannot be set aside if there is no intervening error as to one or more of such issues. In the case of *Sites* v. *Haverstick*, 23 Ohio St., 626, the second paragraph of the syllabus is:

"In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered, the judgment will not be reversed for error in the instructions of the court relating exclusively to the other."

In the case of *State, ex rel. Lattanner*, v. *Hills*, 94 Ohio St., 171, the third paragraph of the syllabus reads:

"3.  Where, upon the issues made by several defenses to a claim sued upon, a general verdict is found for the defendant, it not being disclosed by answers to interrogatories or otherwise upon which issue the verdict was based, and the record disclosing no error touching either the presentation or submission of at least one of such issues, a finding upon which in favor of the prevailing party would justify a general judgment which is rendered, error of the trial court in the submission of other issues will be disregarded."

See also *McAllister* v. *Hartzell*, 60 Ohio St., 69.

Counsel for plaintiffs in error in their briefs, and also in oral argument, have contended with much ability that the trial court erred in admitting evidence tending to prove that the defendant in error was free from negligence in the construction and operation of the cupola, and that the trial court also erred in refusing to charge the jury upon that subject, as requested by plaintiffs in error, and in refusing to adopt in the general charge their theory as to the question of negligence. We have carefully considered the briefs of counsel upon these questions, but are of opinion that a proper disposition of this case does not require a determination of these questions.

Under the authorities above cited we are of opinion that even if the theory of the plaintiffs in error is correct, the refusal of the trial court to adopt such theory would not require or justify this court to set aside the general verdict of the jury, for the reason, as above stated, that such general verdict may have been based upon the ground that the building of O'Day was not burned from sparks or other burning substances which were emitted from the cupola of defendant in error. Entertaining this view, it follows that the judgment of the lower court should be affirmed.

*Judgment affirmed.*


DECISION UPON APPLICATION FOR REHEARING.

We have carefully considered the brief of counsel for plaintiffs in error in support of the application for a rehearing in this case. In brief, it is claimed by counsel for plaintiffs in error that

the rule announced in the cases of *Sites* v. *Haver-stick*, 23 Ohio St., 626; *State, ex rel. Lattanner,* v. *Hills,* 94 Ohio St., 171, and *McAllister* v. *Hartzell,* 60 Ohio St., 69, does not apply, for the reason that in the case at bar there is but one issue raised by the pleadings.

In answer to such claim counsel for defendant in error calls attention to the case of *Niemes* v. *Niemes,* 97 Ohio St., 145. In the *Niemes case* there was but one issue of record, though there were several special issues which arose out of the evidence. The Supreme Court applied the rule announced in the above-mentioned cases to the *Niemes case.* Judge Nichols, speaking for the court, on page 150, says:

"The court also holds that within the general issue so made upon the journal there may be included and generally are included a number of issues special in their nature."

This decision announces the rule well recognized and frequently asserted by reviewing courts. This rule may be briefly stated as follows:

If the jury could have fairly reached the verdict which it did by the consideration of an issue raised either in the pleadings or by the evidence, and which was not affected by an erroneous charge, then a reviewing court should presume that the verdict was based upon such issue, which was free from error. This is only another form of stating the rule that a reviewing court does not presume error and is only justified in reversing a judgment when error necessarily affects the verdict and judgment.

Upon a careful consideration of the brief of counsel for plaintiffs in error we think the former

decision of the court should be adhered to. The application for rehearing will be denied.

ALLREAD and FERNEDING, JJ., concur.